UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:22-CR-019

KENDARIUS VAUGHN

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Counts Four and Five of the Indictment. Count Four charges distribution of a controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and carries maximum possible penalties of 20 years imprisonment, a $1,000,000.00 fine, not less than 3 years nor more than life supervised release, ineligibility for federal benefits up to 5 years after conviction and a special assessment of $100.00. Count Five charges possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and carries maximum possible penalties of 10 years imprisonment, a $250,000.00 fine, not more than 3 years supervised release, and a special assessment of $100.00, unless the defendant is determined to be an Armed Career Criminal under U.S. Sentencing Guidelines Manual § 4B1.4 and the provisions of 18 U.S.C. § 924(e), in which case the defendant is subject to a 15-year mandatory minimum sentence and up to life in prison, in addition to the other potential penalties set forth herein.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and to dismiss the remaining counts of the Indictment upon conclusion of sentencing on Counts Four and Five.

3. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

4. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

5. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The

# THIS PORTION INTENTIONALLY LEFT BLANK

defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the __30th__ day of __March__, 20__22__.

CLAY JOYNER
United States Attorney
MS Bar No. 10316

AGREED AND CONSENTED TO:

APPROVED:

KENDARIUS VAUGHN
Defendant

MERRILL NORDSTROM, MS Bar No. 100915
Attorney for Defendant